UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORDARYL DEON GROSS,

    Plaintiff,

v.                                      Case No. 3:19cv1693-RV-HTC

JUDGE GARY L BERGOSH,
JUDGE SCOTT DUNCAN,
STATES ATTORNEY TREY MYERS,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* on Plaintiff's complaint. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii) for Plaintiff's failure to state a claim on which relief may be granted.

**I. Background**

The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.

1994).  Plaintiff sues Defendants Judge Bergosh, Judge Duncan and State Attorney Trey Myers asserting that his "right to a bond had been violated section 14 constitutional rights."  ECF Doc. 1 at 2 & 7.  His statement of facts, in its entirety, is as follows:

> On April 29, 2017, Cordaryl Deon Gross was arrested and charged with Negligence Homicide.  Escambia County [Sheriff's] Office seized clothing, shoes and other [miscellaneous] items all in police report.  Cordaryl Deon Gross was [held] in Escambia County Jail without a bond for a time period of almost a year.  Cordaryl Deon Gross was found not guilty by a jury of his peers.  The Escambia County [Sheriff's] Office returned $112.74 of the seized items to Cordaryl Deon Gross.  Cordaryl Deon Gross was forced to remain in County Jail and didn't get to make his yearly income [due] to the fact that he [remained] in Escambia County Jail.  States Attorney Trey Myers had evidence to prove or to show innocence of the accuse and hid the testimony.

ECF Doc. 1 at 5.  Plaintiff does not allege the role played by either judge.  He seeks damages in the amount of $250,000.  *Id.*

## II.  Analysis

Because Plaintiff is a prisoner, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure

12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's " 'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

Here, Plaintiff seeks monetary relief from defendants who are immune from such relief.  The defense of absolute immunity extends both to judges and prosecutors.  *Bolin v. Story*, 225 F.3d 1234, 1239, 1242 (11th Cir. 2000).  Judges are entitled to absolute immunity from suits arising from acts taken in their judicial capacity "unless they acted in the clear absence of all jurisdiction." *Id.* at 1239 (internal quotation marks omitted).  A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides.  *See Dykes v. Hosemann*, 776 F.2d

942, 948 (11th Cir. 1985). Whether a judge acted in his judicial capacity depends on: (1) whether the challenged actions constituted normal judicial functions; (2) whether the events occurred in chambers or open court; (3) whether the controversy involved a pending case; and (4) whether the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity applies even when a judge's acts are erroneous or malicious and protects judges from suits for money damages. *Bolin*, 225 F.3d at 1239. Prosecutors performing "prosecutorial functions" receive absolute immunity and are therefore not subject to suit under 42 U.S.C. § 1983. *Long v. Satz*, 181 F.3d 1275, 1278-79 (11th Cir. 1999) (citing *Imbler v. Pachtman*, 424 U.S. 409, (1976)).

    Here, Plaintiff's claims regard the judges' and prosecutor's conduct relating to the denial of bond in Plaintiff's criminal case, quintessentially prosecutorial and judicial functions. Thus, his claims are barred by prosecutorial and judicial immunity. The undersigned also finds that a recommendation for dismissal is appropriate in this case, rather than an opportunity to amend, because "a purpose of absolute and qualified immunity is to spare a prosecutor's office the burden and expense of litigation." Thus, "[e]ntitlement to absolute immunity must be determined as early as possible." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Marx v. Gumbinner,* 855 F.2d 783, 788 (11th Cir.

1988)). "Moreover, a plaintiff must not be permitted through shotgun pleadings containing allegations of generalized abstract rights to strip government officials of the protection provided by immunity doctrine." *See id.* Indeed, 28 U.S.C. § 1918(e)(2)(B)(iii) specifically provides that the Court "shall" dismiss a case which "seeks monetary relief from a defendant who is immune form relief."

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.